**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Barbara Killingsworth and Brian Killingsworth,
Respondents,

v.

Stokes Brown Toyota of Hilton Head, Appellant.

Appellate Case No. 2020-000883

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-290
Submitted June 1, 2022 – Filed July 6, 2022

———————

**AFFIRMED**

———————

Bradford Neal Martin and Laura Wilcox Howle Teer,
both of Bradford Neal Martin & Associates, PA, of
Greenville, for Appellant.

Michael Todd Loftis, of Michael Todd Loftis, LLC, of
Columbia, and Christy Lester Kellerhals, of Spartanburg,
both for Respondents.

———————

**PER CURIAM:** Stokes Brown Toyota of Hilton Head appeals the order of the circuit court denying its motion to compel arbitration of Barbara and Brian

Killingsworth's (collectively, the Killingsworths) negligence and loss of consortium claims against it arising from a fall Barbara suffered while taking delivery of a vehicle she purchased from Stokes.  On appeal, Stokes argues the circuit court erred in (1) failing to compel arbitration in contradiction of the presumption in favor of the validity of arbitration, the Federal Arbitration Act's (FAA) preemption of state laws and holdings that invalidate the arbitration agreement, and the parties' clear intent to arbitrate all disputes related to the purchase of the vehicle; (2) overlooking that the Killingsworths did not dispute the existence of the arbitration agreement, only whether their causes of action fall within its scope; (3) overlooking that the arbitration agreement was broadly written, which strengthens the presumption in favor of arbitration; (4) failing to apply the "touch matters" test; and (5) failing to compel arbitration pursuant to *Landers v. Fed. Dep. Ins. Corp.*, 402 S.C. 100, 739 S.E.2d 209 (2013).  We affirm.

We hold the circuit court properly denied Stokes's motion to compel arbitration because the Killingsworths' tort claims lacked a significant relationship to the purchase of the vehicle.  *See Davis v. ISCO Indus., Inc.*, 434 S.C. 488, 493-94, 864 S.E.2d 391, 394 (Ct. App. 2021) ("Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule those findings."); *Wilson v. Willis*, 426 S.C. 326, 336, 827 S.E.2d 167, 173 (2019) ("A party seeking to compel arbitration under the FAA must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement."); *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."); *Landers*, 402 S.C. at 109-10, 739 S.E.2d at 214 ("[T]he scope of the clause does 'not limit arbitration to the literal interpretation or performance of the contract[, but] embraces every dispute between the parties having a significant relationship to the contract.'" (quoting *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988))); *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118 ("To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim."); *id.* at 597 n.4, 553 S.E.2d at 119 n.4 ("[I]f the tort claim is completely independent of the contract and could be maintained without reference to the contract, the tort claim is not arbitrable."); *Davis*, 434 S.C. at 496, 864 S.E.2d at 395 ("[T]he mere fact that an arbitration clause might apply to matters beyond the express scope of the underlying contract does not alone imply that the clause should apply to every dispute between the parties." (quoting *Vestry & Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 356 S.C.

202, 209, 588 S.E.2d 136, 140 (Ct. App. 2003))); *id.* at 498-99, 864 S.E.2d at 396-97 (applying the significant relationship test to find plaintiff's negligence claim against his former employer following breach of employee data did not fall under the arbitration agreement because, although the employer had access to the plaintiff's "personal identifying information only due to his previous employment with it, the grounds for his negligence claim . . . [did] not truly relate to his employment"); *Aiken v. World Fin. Corp. of S.C.*, 373 S.C. 144, 150, 644 S.E.2d 705, 708 (2007) (stating courts should not apply "what amounts to a 'but-for' causation standard [that] essentially includes every dispute imaginable between the parties").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.